## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**EQUAL JUSTICE FOUNDATION,**

       **Plaintiff,**

                                         **Case No. C2-04-228**

    **vs.**                                  **Judge Edmund A. Sargus, Jr.**

                                         **Magistrate Judge Mark R. Abel**

**DEUTSCHE BANK TRUST COMPANY**
       **AMERICAS, et al.,**

       **Defendants.**

### OPINION AND ORDER

Defendants, Deutsche Bank Trust Company Americas and BT Commercial Corporation (collectively "Deutsche Bank" or "Defendants"), move to dismiss the First Amended Complaint filed by Plaintiff, Equal Justice Foundation ("EJF"), pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and Rule 9(b) for failure to plead fraud with requisite particularity. EJF opposes the Motion. For the reasons that follow, Defendants' Motion is denied.

### I.

The circumstances from which this case arises were previously stated in the Court's Opinion and Order of July 18, 2005 (July 18 Opinion). *Equal Justice Foundation v. Deutsche Bank Trust Co. Americas,* 412 F. Supp. 2d 790, 792-94 (S.D. Ohio 2005). Many of the facts set forth in the Court's previous Opinion and Order have been repeated here to address the issues raised in Defendants' Motion. For purposes of this Opinion on Defendants' Motion to Dismiss,

the Court takes all of the well-pleaded allegations of the First Amended Complaint as true and construes them most favorably toward EJF as the non-movant.

The genesis of this case is found in an underlying consumer class action against lawsuit Level Propane Gases, Inc. ("Level Propane"), in which EJF represented the consumer class. *Mick v. Level Propane Gases, Inc.*, Case No. C2-98-959 (S.D. Ohio, Sargus, J.). After much litigation and negotiations, the parties eventually reached a compromise. The settlement agreement in the *Mick* action involved, in part, a payment of $2.2 million in damages to the injured class.

In the instant matter, EJF asserts that, at the time it was negotiating the compromise in *Mick*, it refused to finalize the settlement without insuring the damages portion with letters of credit. EJF alleges that it specifically expressed its fear that Level Propane would enter into bankruptcy to avoid fulfilling its obligations under the settlement agreement. Deutsche Bank agreed to issue letters of credit for $2.2 million naming EJF as beneficiary. Under the terms, EJF could draw upon the letters of credit only if the Court approved the *Mick* settlement and entered a final judgment. The Court preliminarily approved a stipulation of settlement on March 26, 2002. Deutsche Bank issued the letters of credit on March 27, 2002.

On March 7, 2002, prior to the execution of the settlement agreement and issuance of the letters of credit, and unbeknownst to EJF, Deutsche Bank, through its affiliate, BT Commercial, entered into a "Forbearance Agreement" with Level Propane. Under the terms of the Forbearance Agreement, Level Propane was to perform certain obligations, including executing the settlement agreement in the *Mick* action on or before March 31, 2002, or BT Commercial would withdraw financing.

More specifically, as set forth in EJF's Amended Complaint, EJF maintains that, during negotiation of the terms of the letters of credit, from the approximate dates of March 8, 2002 through March 20, 2002, Deutsche Bank Attorney Denise S. Burn failed to disclose the existence of the Forbearance Agreement between Deutsche Bank and Level Propane or to reveal the true dismal financial condition of Level Propane to Certified Class Attorney Geoffrey J. Moul. EJF alleges that Moul and Burn discussed the substance and purpose of the letters of credit and that the parties negotiated over the course of these several days. In a specific discussion of the terms of the letters of credit on March 13, 2002, EJF again alleges that Attorney Burn did not disclose the existence of the Forbearance Agreement to Attorney Moul, but actively negotiated as if the settlement would be secure.

On June 6, 2002, Deutsche Bank, along with its affiliates LaSalle Bank and The Provident Bank and an unrelated fourth creditor, CIT Financial, filed an involuntary Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division against Level Propane and related companies.[1] Deutsche Bank is the primary creditor in the Level Propane bankruptcy case. *See In re Level Propane*, 297 B.R. 503, 505 (Bkrtcy, N.D. Ohio 2003). Upon notice of filing the involuntary petition, this Court administratively stayed the *Mick* case.

In the bankruptcy case, EJF, on behalf of the *Mick* certified class, attempted to lift the automatic stay issued pursuant to 11 U.S.C. § 362 so that it could pursue the *Mick* action to final judgment and could collect on the letters of credit. BT Commercial and Deutsche Bank opposed

---

[1] The Debtors sought, and subsequently were granted a conversion to Chapter 11. *In re Level Propane*, 297 B.R. 503, 505 (Bkrtcy, N.D. Ohio 2003).

all attempts to obtain relief from the automatic stay. Level Propane filed motions seeking authority to reject the proposed *Mick* settlement as an executory contract under 11 U.S.C. § 365(a) of the Bankruptcy Code. Following an evidentiary hearing, the Bankruptcy Court found the settlement was an executory contract and granted the motion for leave to reject the *Mick* settlement agreement. The issue of whether Level Propane lawfully rejected the settlement is currently on appeal.

EJF alleges that BT Commercial was effectively running Level Propane at the time of the execution of the settlement agreement and, thus, Defendants engaged in self-dealing and had a vested interest in assuring the *Mick* action appeared to be settled for purposes of increasing the value of Level Propane. Moreover, EJF claims Defendants never intended for the letters of credit to serve as security for the settlement in the event Level Propane went into bankruptcy. EJF alleges that Defendants engaged in a fraudulent scheme to create a situation in which Level Propane would be forced to seek authority to reject the settlement as a pre-petition executory contract under Section 365 and to ensure that Defendants would never have to perform under the accompanying letters of credit. EJF alleges that Defendants deliberately concealed Level Propane's dire financial situation and their plans to seek an involuntary bankruptcy against Level Propane and its affiliates.

Counsel for Deutsche Bank, David C. Layden, sent a letter to Kimberly M. Skaggs, then Executive Director of EJF, on October 9, 2003 calling for the return of the letters of credit in light of Level Propane's notice of its intention to reject and terminate the *Mick* settlement agreement in its bankruptcy proceeding. The letter demanded the immediate return of the original letters of credit, indicating that they were "null and void, and of no further forth and

effect." (Amend. Compl., Exh. E.) EJF asserts that Deutsche Bank's demand was premature, as the rejection and termination of the stipulation of settlement had not been finalized and was not a final judgment. EJF therefore contends that Defendants repudiated their obligations under the letters of credit.

Pursuant to the actions of Defendants during negotiations, EJF filed a Complaint alleging Defendants knew or had reason to know that EJF required and negotiated the letters of credit for the purpose of providing protection and security in the event Level Propane filed for bankruptcy. EJF sought a declaratory judgment, set forth common law claims of fraud and intentional misrepresentation, and alleged that Defendants were in violation of the Ohio Uniform Commercial Code, Ohio Rev. Code § 1305.01 *et. seq.* Defendants moved to dismiss each claim. In its July 18 Opinion, this Court agreed that EJF had failed to plead its allegations of fraud with sufficient particularity for purposes of Federal Rule of Civil Procedure 9(b) and had not sufficiently described its claims for repudiation and declaratory relief. The Court nonetheless denied Defendants' motion and granted EJF leave to amend its Complaint. *Equal Justice Foundation,* 412 F.Supp. 2d at 800.

On August 12, 2005, EJF filed its First Amended Complaint seeking compensatory damages, punitive damages, and attorneys' fees and costs. EJF has asserted six claims against Defendants. Counts I through V allege fraud, intentional misrepresentation, fraudulent concealment, fraudulent inducement, and promissory fraud, respectively. Count VI alleges that Defendants anticipatorily repudiated the letters of credit in violation of Ohio Rev. Code § 1305.01 *et. seq.* (UCC § 5-111). EJF no longer seeks a declaratory judgment.

Defendants filed a Motion to Dismiss the Amended Complaint, alleging that EJF still has

failed to meet the heightened pleading requirements of Rule 9(b) for each fraud claim it asserts, and also failed to state a claim for which relief can be granted under Rule 12(b)(6) as to its claim for anticipatory repudiation.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also McClain v. Real Estate Bd. of Hew Orleans, Inc.*, 444 U.S. 232 (1980). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshal*, 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). A district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims

-6-

made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Because a motion under Fed.R.Civ.P. 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

When deciding a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, a court must also consider the policy favoring simplicity in pleading, codified in the "short and plain statement of the claim" requirement of Federal Rule of Civil Procedure 8. "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." *Michaels Bldg. Co. v. Ameritrust Co.,* 848 F.2d 674, 679 (6th Cir. 1988).

### III.

EJF's fraud, intentional misrepresentation, fraudulent concealment, fraudulent inducement, and promissory fraud claims against Defendants are based upon allegations that Deutsche Bank knew or had reason to know that EJF negotiated the letters of credit for the purpose of security should Level Propane be unable to meet its obligations under the *Mick* settlement agreement.  Furthermore, EJF alleges that Deutsche Bank misrepresented that the letters would serve as such security.  Defendants contend that, in asserting these claims, EJF fails to satisfy the heightened pleading requirements set forth in Rule 9(b) of the Federal Rules of

-7-

Civil Procedure.  The Court disagrees.

Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity . . . ." Fed. R. Civ. P. 9(b).  "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him [or her] to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels Bldg..,* 848 F.2d 674, 679 (6th Cir. 1988)).

To satisfy the requirements of Rule 9(b), a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from fraud." *Coffey v. Foamex*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)).  In other words, a party's complaint must contain, at a minimum, the "who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA*, 447 F.3d 873, 877 (6th Cir. 2006) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

EJF's fraud claims are based upon communications between Attorney Denise S. Burn of Chicago, Illinois, who represented Deutsche Bank in preparation of the letters of credit, and Attorney Geoffrey J. Moul, of Columbus, Ohio, who, as co-counsel with EJF, represented the *Mick* certified class.  From the approximate dates of March 8, 2002 through March 20, 2002, Burn, Moul and his co-counsel, along with Level Propane's local counsel, Thomas B. Ridgley of Columbus, Ohio, negotiated the terms of the letters of credit.  During these negotiations, EJF alleges that Burn failed to disclose to Moul the existence of the Forbearance Agreement between

-8-

Deutsche Bank and Level Propane or the financial condition of Level Propane. In a specific

discussion of the substance and purpose of the letters of credit on March 13, 2002, EJF claims

Burn again failed to disclose the existence of the Forbearance Agreement to Moul. Furthermore,

EJF asserts that Burn did not disclose the fact that Deutsche Bank and BT Commercial were

effectively managing and making financial decisions for Level Propane at all times during their

negotiation discussions.

Defendants argue that EJF has again failed to plead fraud with requisite specificity.

Defendants contend that EJF has not sufficiently pled or identified (1) *who* allegedly made the

representations, (2) *to whom* such representations were allegedly made, (3) *when* such

representations were allegedly made, (4) *where* such representations allegedly took place, (5)

*how* such representations were made, (6) the specific content of such representations, or (7) facts

supporting an inference of fraudulent intent.

## A.   Fraud

The elements of a cause of action for fraud or intentional misrepresentation are as

follows:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and

recklessness as to the veracity of the representation that knowledge may be

inferred,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. of Commrs.,* 23 Ohio St.3d 69, 491 N.E.2d 1101, 1102 (Ohio 1986). "A

representation which will serve as the basis for an action in common-law fraud is not confined to

spoken or written words but may encompass conduct that amounts to an assertion not in

accordance with the truth." *Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1084

(Ohio 1991)(citing 3 Restatement of the Law 2d, Torts (1965), Section 525, Comment b; Prosser

& Keeton, Law of Torts (5 Ed.1984) 736-737, Section 106).

After a thorough review of EJF's First Amended Complaint, the Court concludes that

EJF's amended fraud claims meet the heightened pleading requirements of Rule 9(b). EJF

identified the alleged *who* (Attorney Burn), *to whom* (Attorney Moul), *when* (March 8-March 20,

2002), *where* (the attorneys' respective places of business), and *how* (communications during

negotiations for the letters of credit), as well as facts regarding the alleged fraudulent scheme and

intent. EJF has stated the circumstances allegedly constituted fraud with sufficient particularity.

EJF asserts that Defendants misrepresented that the letters of credit would serve as

security and concealed that Level Propane was in a perilous financial and managerial condition.

EJF also states that Defendants failed to disclose the existence of a Forbearance Agreement

between Deutsche Bank and Level Propane and the fact that Deutsche Bank and BT Commercial

were "effectively running Level Propane at the time." Given these allegations and knowing the

context in which they were made, Defendants have received fair notice to allow them "to prepare

an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients*

*& Providers*, 176 F.3d at 322.

**B.** **Fraudulent Concealment**

In response to EJF's fraudulent concealment allegation set forth in Count III of the First Amended Complaint, Defendants argue that parties in arms-length business transactions do not have a duty to disclose all material facts relating to the transaction. Defendants maintain that Deutsche Bank and EJF engaged in such an arms-length negotiations with respect to the letters of credit and that it did not have an obligation to disclose any material facts. Specifically, Defendants assert that EJF has failed to identify sufficient facts regarding the alleged "misleading impression" given by Defendants that the letters of credit were issued for security purposes.

Where parties to a business transaction deal at arm's length, it is presumed that each party has the opportunity to ascertain relevant facts available to those similarly situated and, therefore, they do not have a duty to disclose material information to the other. *Blon v. Bank One Akron, N.A.*, 35 Ohio St. 3d 98, 101, 519 N.E.2d 363, 367 (1988). Courts have recognized several exceptions to this general rule in which a party is under an obligation to speak including: (1) when a fiduciary relationship exists between the parties, (2) where a special trust or confidence is understood between the parties, and (3) where disclosure of facts is "necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts." *Id.*

EJF's claim for fraudulent concealment falls under the third exception. EJF maintains that Defendants' failure to disclose facts relating to the Forbearance Agreement, Defendants' involvement in Level Propane's financial decisions, and Level Propane's financial condition, created a misleading impression which caused EJF's to enter into the stipulation of settlement in the *Mick* matter. EJF contends that Defendants offered the letters of credit, in effect communicating that the settlement was crucial to the long-term viability and success of Level

-11-

Propane. EJF further alleges that Defendants withheld this material information and, in the absence of knowledge of these relevant facts, EJF relied upon the security of the letters of credit and entered into the settlement.

The First Amended Complaint alleges the elements of fraudulent concealment with sufficient factual support. As noted above, EJF has alleged the time, place, and content of the alleged misrepresentations, as well as the fraudulent scheme and intent of Defendants, and EJF's corresponding injury. EJF has provided facts describing the circumstances of the alleged misleading impression created by Defendants in the negotiation of the letters of credit. EJF's fraudulent concealment claim is pleaded with sufficient particularity to allow Defendants to formulate an informed responsive pleading. Defendants' Motion to Dismiss the fraudulent concealment claim is denied.

### C. Anticipatory Repudiation

In Count VI of the First Amended Complaint, EJF maintains that Defendants' letter dated October 9, 2003 ("October 9 letter") to EJF Executive Director Kimberly M. Skaggs constituted anticipatory repudiation of the letters of credit, in violation of Ohio Rev. Code § 1305.01 *et. seq.* (UCC § 5-111). EJF asserts that Defendants repudiated the letters of credit, as evidenced by the October 9 correspondence which demands the immediate return of the letters and characterizes the letters a "null and void, and of no further forth and effect." Defendants argue that EJF's repudiation claim should be dismissed for failure to state a claim upon which relief can be granted. Defendants suggest that the October 9 letter does not constitute repudiation under UCC § 5-111.

Section 5-111 of the UCC allows the beneficiary of a letter of credit to seek damages in

the event that the issuer "wrongfully dishonors or repudiates its obligation to pay money under a letter of credit before presentation . . ." Ohio Rev. Code § 1305.10(A); N.Y. U.C.C. § 5-111.[2] Anticipatory repudiation occurs when a party indicates to the other contracting party, prior to the time performance is due, that it will not perform its obligations under a contract at issue. *Daniel E. Terreri & Sons v. Bd. of Mahoning Cty. Comm'rs*, 152 Ohio App. 3d 95, 105-06, 786 N.E.2d 921, 928-89 (Ohio App. 7th Dist. 2003) (citing Farnsworth, Contracts 627-28 (1982)). In the event of repudiation, the injured party has an immediate action for damages for total breach. *Id.* at 106.

Defendants contend that the October 9, 2003 letter from Deutsche Bank's counsel to EJF does not, as a matter of law, constitute a repudiation because Deutsche Bank did not communicate that it refused to perform its obligations under the letters of credit. Defendants maintain that the letter merely advised EJF that Level Propane had terminated the stipulation of settlement and simply "requested" that EJF comply with the termination provisions in the settlement agreement by returning the letters of credit.

Defendants point out that repudiation" is not defined in Section 5-111 or elsewhere in Article 5. Article 2 of the New York UCC, however, provides the following definition of the term in the context of a sales contract: "Repudiation includes language that a reasonable person would interpret to mean that the other party will not or cannot make a performance still due under the contract or voluntary, affirmative conduct that would appear to a reasonable person to make a future performance impossible." U.C.C. § 2-610(2).

---

[2]      As the Court noted in its July 18 Order, it need not resolve the apparent choice of law dispute because the relevant Section of the New York and Ohio UCC are substantively identical, and the result is the same under either statute.

Resolution of the issue of whether Defendants repudiated the letters of credit turns on the fact-sensitive question of whether the October 9, 2003 letter reasonably indicated a rejection of Deutsche Bank's obligation. Construing the facts most favorably to EJF as the non-movant, the Court finds that, prior to a determination of Level Propane's ability to lawfully terminate the stipulation of settlement, a reasonable person could interpret a demand for immediate return of the letters of credit as an indication Deutsche Bank did not intend to perform its obligations. This determination relates only to matters of pleading, of course, and is not tantamount to a finding that Defendants did repudiate their obligations under the letters of credit. Nor does this decision bind a jury to determine that the October 9 correspondence is a repudiation as opposed to a mere notification of the termination of the stipulation and settlement agreement, as Defendants suggest. Accordingly, Defendants' Motion to Dismiss Count IV for anticipatory repudiation is denied.

## IV.

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint (Doc. #41) is **DENIED**.

**IT IS SO ORDERED.**

_9- 27-2006_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

-14-